The next case today is United States v. Jose Ruvalcaba, Appeal No. 21-1064. Attorney Sample, please introduce yourself for the record to proceed with your argument. Good morning, Your Honors. Brandon Sample for Jose Ruvalcaba. With the court's permission, I'd like to reserve one minute for rebuttal. That's fine. Your Honors, this case presents a very clean question of whether or not the district court abused its discretion in holding as a matter of law that Congress's decision to alter 21 U.S.C. 851, whether or not that change, also part of the First Step Act, may be considered an extraordinary and compelling circumstance for a sentence reduction under 18 U.S.C. 3582. The district court held that the non-retroactive change in law may not be used as a basis for a reduction in sentence under 3582, and Mr. Ruvalcaba respectfully submits that that was the wrong legal conclusion, and we are urging the court to adopt the Fifth and Tenth Circuit's reasoning on this specific issue. Mr. Ruvalcaba has been sentenced to a life term and has been in prison for approximately 15 years so far. He argued in his motion that there were extraordinary and compelling circumstances based on COVID, medical reasons, the change in the law, and amidst that, he also argued about how he was a young man at the time of his offense and that there were rehabilitation reasons on why the court should reduce the sentence. Counsel, let me be sure that I understand your argument. As I understand it, you're not arguing that a change in the law simpliciter can be an extraordinary and compelling reason. You're arguing that a change in the law coupled with a particular defendant's idiosyncratic circumstances may be found to be an extraordinary and compelling circumstance. I am arguing that exactly, Your Honor. However, I will note I believe that a straightforward textual application of the statute would permit this court to hold that the change in the law by itself constitutes and can, if a district court so concludes. But that kind of holding isn't necessary for you to prevail in this case. That is correct, Your Honor. It is not. Now, I guess I have two questions in the same vein in terms of clarifying exactly what's before us. I don't read the district court to have concluded that its discretion was limited by the Sentencing Commission Guideline or Application Note. Do you? I do not, Your Honor. It's less clear to me, and I'd like your view, of whether the district court in rejecting the argument about the change in the law was making a categorical judgment that no claim based on the change in the law could ever be a basis for a compassionate release claim under the First Step Act or whether it was saying that this defendant's claim failed given the general suspicion or reason to be wary of allowing a change in the law to drive the conclusion that it was an extraordinary circumstance. I think it's actually that the judge's holding was much broader. When you look at the district court's order in the language that the district court used, the district court said in one part of its order when it was talking about the cases that held that district court could consider the change in the law as an extraordinary circumstances, it essentially characterized those cases as giving judges the ability to apply prospective effect to changes in the law that otherwise would not be permissible, and it did not believe that that was consistent with the statute itself. The district court said specifically that those cases and stories that they ignored the general principles by 3582 that a court may not modify a term of imprisonment after it's been imposed. Five minutes remaining. Five minutes. I think that when the court considers the context of that language in light of the district court's order as a whole, it's clear that it was not speaking just to Mr. Rubel-Cava's specific circumstances, that it as a matter of law did not agree with the notion that a change in the law such as the one advanced by Mr. Rubel-Cava could ever serve as an extraordinary and compelling circumstance. And actually, when you look at the district court's order, the district court went even further than that, because the district court said on page six of its order near their bottom, it was critical of district judges even considering rehabilitation in the context of a motion for professional release. The district judge said that some of the cases note the inmates' rehabilitation or similar factors and essentially re-evaluate the original sentence in light of those subsequent occurrences. And it went on to say, not only does that violate the general rule of prospectivity, but then iterates. This is one last clarifying question just to understand what you understand to be the issue before us. The broadest position might be that a change in the law that's favorable to the defendant in and of itself can be an extraordinary circumstance. A more modest version would be some changes in the law are of such a magnitude that they can be a basis for an extraordinary circumstance. And a third, even narrower position, is that a change in the law can be an extraordinary circumstance at least when one takes account of the particular features of the defendant's own conditions, such as the age at the time they committed the offense, the length of time they've been in prison, their rehabilitation, etc. Of those three positions, I take it you're saying at least the third of them was advanced to the district court and you understood to have been rejected, is that right? That's correct, Your Honor. Were either of the other two that I identified advanced to the district court and rejected? I believe that we argue also generally that the change in the law may serve as an extraordinary and compelling circumstance alone. Of course, I don't think that the court would need to resolve that specific question given the combination of other factors advanced as well. But, you know, it doesn't appear the court would ultimately reach that larger issue. I think when you look at the straightforward language of the statute, the only limitation that's there that Congress, when it originally enacted capacitive release statute, is that the reduction can't be based on rehabilitation alone. And I think that because the Sentencing Commission statement has not been revised, and at least in this case, the district court, you know, accepted the notion that it had the discretion to be able to determine what constitutes extraordinary and compelling circumstances. I believe that a very faithful, plain language application of the statute would allow the district court, to consider a change in the law more generally as an extraordinary and compelling circumstance, even if it was, in fact, untethered to specific circumstances. In this particular case, the change, just remind me again, the effect of the change meant that at the time this defendant was sentenced, they were required to be given the sentence of ex-link. And if they were sentenced post the change in the law, what would have been the recommended length of the sentence? My recollection, Your Honor, is that the defendant was facing a mandatory life sentence at the time the sentence was originally imposed. I believe my recollection is that he would face now either a mandatory minimum of 15 or 20 years. Mandatory minimum of 15, but what would have been the guideline recommended range? I don't recall that offhand, Your Honor. Because of the way in which the district court decided the case, we never got into that. Yeah, I was just wondering whether that was advanced as a data point for the district court to consider in deciding the sentence. Was that ever identified by the defendant? What the guideline range would be under the new regime? I don't recall that as being a place of emphasis since the focus was primarily on the statutory change and how it would have so dramatic an effect on the sentence, Your Honor. If the court has no further questions. Let me ask you one quick question. This is something that Judge O'Toole addressed in his opinion. Congress made various portions of the First Attack Act retroactive. This is not a retroactive portion. Isn't this something that Congress should amend the statute as it does periodically or open the door for the district courts to re-sentence or reconsider and not for a court to say, yes, this is going to be used retroactively by way of the compassionate release statute? I think it was within Congress's prerogative in enacting the First Step Act to specifically limit one portion of the statute in that particular aspect and say that you can't file a motion under the First Step Act under 21 U.S.C. 851 and get a sentence reduction just based on that. But simply because that was not allowed for in that portion of the bill does not mean that Congress didn't contemplate the possibility that sentence reductions would be permitted separately under the Extraordinary and Compelling Circumstances Analysis. I think that that analysis is different than just a straightforward look at the change in the law. And I believe that Congress, by virtue of allowing defendants to apply for compassionate release and expanding the availability of compassionate release, essentially permitted a district judge's defendants to receive this type of relief based on a retroactive change in the law that independently otherwise would not be available. Thank you. Thank you, Your Honors. At this time, Attorney Sample, please mute your audio and video. And Attorney Zaks, please unmute your device and introduce yourself on the record to begin. Good morning, Your Honors. Jennifer Zaks for the United States. Now, whether or not certain statutes can be considered that are non-retroactive could be considered an extraordinary and compelling circumstance under the statute, it's absolutely clear that this one can't be. And there are a number of reasons for that. First, as the court was discussing with my brother counsel, this statute, this change in statute, was part of the First Step Act. Portions of the First Step Act, such as the crack cocaine amendments, are made specifically retroactive. In other words, Congress knew how to do it. This portion was not. This portion was made prospective only, and the penalties that would apply to this defendant remained in place. Indeed, the First Step Act made clear that the change in the penalty structure of 841 applied only to those defendants who were sentenced after the enactment of the effective date of the First Step Act. This defendant was obviously sentenced long before that. And there's absolutely nothing extraordinary or compelling about continuing to apply the penalty that Congress not only established, but refused to change retroactively, which was upheld by this court. The logic of this would mean that 924C sentences also could not be eligible for compassionate release based on the change in the 924C stacking rule. Is that right? That's exactly right, and that's exactly what… The oddity of that is that the statutes that Congress seemed in the First Step Act to be most concerned about their harsh effects would be the ones that would be immune from serving as a basis for compassionate release. Whereas other statutes, where there was some change in the law that was more modest even, that didn't seem to be as much of a concern to Congress, those would be eligible for First Act compassionate release motions on your theory. Because you're saying that the fact that it's in the First Step Act is a sign that Congress meant to restrict them from being a basis for compassionate release, even though other changes in the law not in the First Act could serve as the basis for it. That seems somewhat counterintuitive to me. Yes, Your Honor, that's not exactly what I'm saying. I probably was not specifically clear on what I was saying. I'm saying whether or not such other changes could be considered retroactively in other laws is not something that this court has to consider. What I'm saying is what's the logic by which the only ones that can't be considered are the ones that Congress was so concerned about they actually made the change in the First Step Act? It seems to me the implied, the necessary logic is if that's true, statutes that are changed outside the First Step Act also would not be eligible for the change. What's the basis for saying that the 924C change and this change can't be a basis, but some other change could be? Again, I'm not saying that other change could be. I'm saying hypothetically it could be, but it's clear here that Congress was, as Your Honor points out, Congress was considering these statutes very specifically, 924 and the penalty structure of 841 and the crack cocaine. One question in my mind that I just am not sure what the government's position on it is, but it would be helpful to know. Suppose the director of the Bureau of Prisons sought a compassionate release for a defendant pursuant to a change in law under 924C and filed that motion saying that, you know, the person was very young when it happened. He got a huge stacked sentence, clearly was not the mind-run 924C defendant. He's got multiple life terms effectively as a result of the stacking. He's done everything you could possibly hope for in a model prisoner, and so the director of the Bureau of Prisons says, I think he should get a compassionate release on that basis. Would that be a permissible motion for the director of the Bureau of Prisons to file in the government's view? That's an interesting question, Your Honor. I'm not sure. Of course, the statute says... So you're not saying that the director of prisons would not be able to do that? What I'm saying is that the statute provides, has set forth, I mean, for the director of prisons, again, the 1B1.13 is not an issue here. That's not the statute. I'm just asking, would the director of the Bureau of Prisons in the government's view have the authority to seek compassionate release? Would a district court be able to grant it if the director of the Bureau of Prisons made the motion on an individualized basis, a reduction in the sentence based on the change to 924C? I think it would not be appropriate for anyone to do it because it doesn't meet the standard of extraordinary and compelling. Five minutes remaining. Five minutes. extraordinary, compelling, that it's just an extreme hardship, a narrow exception to the rule against the rule promoting finality, that it has to be something that the statute was designed to ameliorate, and this doesn't fall into any of those categories. But you're arguing, Ms. Sachs, that as a categorical matter, this can't be extraordinary and compelling. And I'm really lost by your argument, because I don't see the use of the statute in the way that the appellant suggests as being a retroactive use at all. We're not talking about a retroactive change in the sentence. We're talking about basing compassionate release on a combination of circumstances, including the fact that the defendant's offense on the current law would be punished much more modestly, which combined with a collection of other factors, the defendant alleges, make his case extraordinary and compelling. Maybe they do, and maybe they don't, but I don't see conceptually why that doesn't fit within the compassionate release statute. Well, I guess I have three answers to that, Your Honor. First, there is not a substantial change. The defendant was subject and is subject under the existing statute to a mandatory life sentence. Under the current, if he were sentenced today, given the amount of drugs, the various enhancements, his guideline sentence would be life. But that goes to the question of whether he should be given the benefit of this change as an extraordinary circumstance. It doesn't go to the question of, as a categorical matter, can a change in sentencing law be regarded as an extraordinary circumstance? That's right, Your Honor. It goes to the question, is this an extraordinary and compelling circumstance? In the larger sense, I think that although Your Honor has suggested that perhaps a combination of circumstances might be, in some circumstances, feeds into the extraordinary and compelling, I think that, first of all, that's not what the district court was considering in this case. In other words, it's completely separately, if you look at the opinion of the district court. It's not what the district court did consider, but it's what the defendant asked the district court to consider. The district court, as I read its opinion, said, no, as a categorical matter, this would offend the policy that a sentence once imposed can't be revisited, etc., etc. Therefore, I'm not going to look at the specific factors in this case. I'm troubled by that notion because I think we suggested, at least in Canales-Ramos, that a wide variety of things can be extraordinary and compelling circumstances, but for purposes of compassionate release, the devil is in the details. Everything depends on the context and what all the other factors and circumstances are that bear on it. I'm struggling with the notion as to why this defendant isn't entitled to have this motion looked at in that light. Well, Your Honor, I think that that perhaps mischaracterizes or I see the district court's opinion as proceeding differently. The district court's opinion, the first part of the opinion, spends a great deal of time discussing the defendant's… The medical reasons which aren't involved in the appeal. I don't have any quarrel with the district court's disposition of the medical reasons which were offered, but here you have this other reason, and that's the one that this appeal is about. That's right, Your Honor. What I mean to say is the district court was not saying categorically… It was not considering the full range of possible reasons advanced by the defendant. Let me ask you this way, and this goes to the way the 3553A analysis runs and the way the extraordinary circumstances runs. If I brought a claim about family circumstances, I take it you have no problem that that can count as an extraordinary circumstance. The statute doesn't say that, but the commission has construed that as a permissible grounds, so you say that counts, correct? It could count, yes, Your Honor. Now, in assessing whether this particular defendant's claim about family circumstances supports the argument for compassionate release, might it be relevant to the analysis that they are serving a sentence that at the time it was imposed was mandatory, you know, 165 years because of 924C, and that if it was imposed today, it might be just 10 years. Would that be a relevant consideration for the district court to make in assessing the strength of the compassionate release claim based on family circumstances? If it were appropriate, it would be at the second step of the analysis, that is, the 3553 step of the analysis. In other words, the way I conceptualize it, and the way I think the statute sets forth, there are two sort of steps, two hurdles that the defendant has to get over. The first one is a very high one. It's extraordinary and compelling. That's time. But what I'm asking is the way that we do that first step, is that done as a categorical, certain types of reasons can qualify as extraordinary? And we just, as long as you say a reason like that, you're past the first step, regardless of the strength of it, regardless of all the other factors? Or at the first step, do we do a totality of the circumstance analysis right then? I think the first step is not a totality of the circumstances. It's an evaluation of the factor that is alleged to be extraordinary and compelling. At the second step, there may be a whole bunch of… So if I just say, you know, I have the flu, that's not enough. If I say I have terminal cancer, that can be an extraordinary thing because it's of the right kind because it's health. That's the idea. And it's extraordinary, it's compelling, it gets over the hurdle. Just help me then, if that's the logic of the government's position. Textually, how do we know that a claim about the disproportionate nature of the sentence in light of current law and in light of the youth of the individual and the unusual circumstances that led that person to be subject to the initial very, very long, harsh, mandatory sentence? How do we know that feature can't be, in any case, something that gets you past the extraordinary circumstance hurdle so that you then get into the 3553 analysis? Why textually do we know that's out, but other things that are not specifically listed in the commission guideline are in? Well, I think if this court can look to the analysis of the Third, the Sixth, and the Seventh Circuit, that the compassionate release statute is not designed to circumvent Congress's expressed non-retroactivity determinations. And that's exactly what Congress decided here when it made some portions of the First Step Act retroactive, some of the changes in the penalties, some portions like this one, it said, will only apply going forward, will only apply to those sentenced after the date. Suppose I didn't find that argument persuasive because I thought, as Judge Selye was suggesting, that there's a difference between retroactive claims, which are engrossed, and retail-based claims about disproportionality in which the current state of the law might be relevant to that assessment. Is there any other reason why a disproportionality-type argument can't ground a claim of extraordinary circumstance such that we then get into the 3553A analysis? Well, I mean, I guess there are a couple of reasons. One is, as I mentioned, specifically to this state, the guideline range for this defendant even today continues to be life. But secondly, there's a whole bunch of policy reasons. In other words, you have this kind of thing would lead to this kind of opening the door would lead to disparities in sentencing. I mean, it's where some judges would feel like, yes, this was a categorical bar. Some would feel that it wasn't. It also opens the door. No, no, no, that wouldn't happen because you would say any time they said it was a categorical bar, that was a misapplication of the statute. That's a legal matter. OK, so you're saying that you're saying that any change in the laws could be considered a... No, I'm saying that a claim of gross disproportionality that is rooted in the measure of it being assessed by the fact of a change in the law, partly. You're saying categorically cannot be an extraordinary circumstance. The main reason you gave for that was that that would circumvent the congressional judgment about retroactivity. If I thought that was not a persuasive argument, is there some other textual reason why a claim of gross disproportionality based on a change in the law, in part, inherently is not an extraordinary circumstance? It doesn't have to be another reason. I mean, you have the reason you gave. I'm just wondering if there is another reason. Right. I think because it opens the door to many, many different claims that would not only sort of undermine the bedrock rule against finality. This is supposed to be a very narrow exception, but will create a whole host of opportunities to circumvent not only the compassionate release hurdle, but also, as I think we mentioned in our 28J letter, using the compassionate release statute to circumvent other narrow procedures to challenge collaterally convictions and sentences, such as 2255. In this case, I mean, without going to the broader thing, there's absolutely nothing extraordinary and compelling about applying the penalty that Congress set in place that would continue to apply to this day and that this court upheld on collateral review. I mean, essentially, the law has changed, but doesn't change with respect to this defendant, and that shouldn't be considered a collateral, an extraordinary and compelling reason to change his sentence, as the district court found. Unless there are further questions, I would rest on our briefs. Thank you. Thank you. Attorney Zaks, please mute your audio and video at this time. Attorney Sample, please unmute your audio and video and reintroduce yourself on the record. Begin your one minute rebuttal. Your Honor, Brandon Sample for Jose Rubalcaba. I wanted to speak quickly to the court's hypothetical. I'm sorry. Excuse me. One moment. Apparently, Attorney Zaks fell out of the meeting. I'm going to readmit her before we begin, Judge. Thank you, Deb. Hi, Attorney Zaks. Can you see and hear us? Yes, I can. I will mute. Thank you. Thank you so much. Thank you, Judge. I think we're ready for Attorney Sample. Okay. Go ahead. Thank you, Your Honor. I wanted to speak quickly about the hypothetical that you posed about the motion, if it was filed by the Director of the Bureau of Prisons. I think that actually really illustrates why the relief that Mr. Rubalcaba is seeking is fully proper. Because there's really no question, if you look at the cases, about the continuing applicability of 1B1.13 to motions by the Director of the Bureau of Prisons. Then I can't imagine how, if the Director decided that someone who had a multiple stack 924C sentences or some other change, whatever reason it is that the Director determines to be appropriate. That if the Director wanted to make that motion, that it would be completely consistent with the statutory scheme. A district court's ability to consider a change in the law as extraordinary and compelling should not be dependent upon the identity of the movement. Here we have this situation where Congress has, you know, it's undisputed that the district court is free to be that decider in this circumstance. This is one argument that occurs to me that I just would like you to address. It's a kind of familiar notion in law that when you have a list of things and then there's a catch-all afterwards, you often think of the catch-all as being defined by the company it keeps. You would think the catch-all isn't, and therefore things not like what was specifically listed in the list, but things that are like it, but we couldn't think exactly of all the ways of specifying it. Here, I guess the one thing that I just like your view on, there's a listing, at least in the Commission's eyes, of a set of things that are the types of things that are extraordinary, which are health, family-related, I forget what the other circumstance may be. They share the quality of being focused on some condition intrinsic to the current condition of the prisoner. The type of condition that you're identifying as extraordinary seems in kind somewhat distinct from that, in that it's focused not on the current condition of the prisoner, but it's focused on some external change to the legal regime that led to the sentence of the prisoner. So, while I could see in general that could still be an extraordinary change, he was sentenced under one regime and it's now so different, that is, one might think, extraordinary, but in the context of the Commission having listed certain types of things, does that shape the definition we give to extraordinary circumstances so that we might think this type of change is different in kind? And if not, why not? identity of the specific extraordinary and compelling circumstance as being uniquely particular to the defendant, in the sense of, is this a medical problem that the person is having, or is this some family circumstance? Because there can always be certain types of externalities, right, that ultimately do affect an individual. And here we have, you know, a circumstance, you know, not only in Mr. Okaba's case, but more generally with 924 C sentences where you have sentences that are extremely disproportionate. And so they are in effect having an impact, even though the source, the original source of the factor that constitutes extraordinary and compelling may not be like their family. Mr. Sample, you're not arguing that the change in sentencing standing alone is extraordinary and compelling. Your whole argument up to this point has coupled that with, as part of the calculus of what is extraordinary and compelling, which includes any number of factors that are intrinsic to the defendant. And that remains the case, Your Honor. I am attempting to try and address the judge's specific... I know your time is over, but what are the intrinsic factors to the defendant that you are pointing to? And what do you say to the government's contention that if those intrinsic factors would not be extraordinary and a change in the law on its own cannot be extraordinary, how can the two together make it extraordinary rather than the right analysis being you have to identify something that's extraordinary in its own right. And then you get to the 35-3A analysis in which maybe a change in the law would be relevant in doing the 35-3A analysis. But I think, Your Honor, the premise there is faulty because here we are in fact arguing that it's a combination of factors. It's not just the change in the law. This court can decide this case purely on the combination of the factors. Maybe the government's argument would be better in another case. The combination is the youth and the rehabilitation plus the change? That's correct, Your Honor. In this case, yes. Thank you. I have nothing further if the panel has no further questions. Thank you very much. Thank you, Your Honors. That concludes argument in this case. Attorney Sample and Attorney Zaks, you should disconnect from the hearing at this time.